

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALICE FENG,

       Plaintiff,

v.

LUNAPHORE TECHNOLOGIES, SA;
BIO-TECHNE CORPORATION;
LUNAPHORE TECHNOLOGIES, INC.,

       Defendants.

Case No.:  24cv1318-LL-BLM

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO
FORUM SELECTION CLAUSE
WITH CONDITIONS**

[ECF No. 11]

Before the Court is Defendants Bio-Techne Corporation and Lunaphore Technologies, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Forum Selection Clause ("Motion"). ECF No. 11 ("Mot."). Plaintiff filed an Opposition [ECF No. 12 ("Oppo.")], and Defendants filed a Reply [ECF No. 13 ("Reply")]. The Court deems it suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the Motion to Dismiss without prejudice subject to conditions.

## I. BACKGROUND

The following allegations are from Plaintiff's First Amended Complaint. ECF No. 9 ("FAC").

Plaintiff Alice Feng is a former employee of Defendants Lunaphore Technologies, SA ("Lunaphore"), Lunaphore Technologies, Inc. ("Lunaphore U.S."), and Bio-Techne Corporation ("Bio-Techne") (collectively "Defendants"). FAC ¶¶ 21–23.

On November 19, 2021, Lunaphore, through its Chief Executive Officer Ata Tuna Ciftlik, offered Feng the position of Chief Financial Officer ("CFO"). *Id.* ¶¶ 14–15. Feng negotiated the offer of stock options as part of her compensation, with Ciftlik agreeing to provide 4,500 shares after Feng rejected the initial amount. *Id.* ¶¶ 15–16. Ciftlik informed Feng that the strike price for the stocks would be one Swiss Franc (CHF 1). *Id.* ¶ 17. After Feng learned that accepting options at this price would trigger immediate tax penalties, she requested the strike price reflect the fair market value of the shares, to which Ciftlik agreed. *Id.*

Ciftlik informed Feng that the fair market value of the shares for which Lunaphore would be granting her stock options was CHF 280. *Id.* ¶ 18. Feng agreed and accepted the CFO position with Lunaphore. *Id.* On December 20, 2021, Feng and Lunaphore executed a written Stock Option Agreement by which Lunaphore granted Feng 4,500 options at a strike price of approximately CHF 280. *Id.* ¶ 19. On January 31, 2022, Feng quit her job as CFO at the Scripps Research Institute and began her work as Lunaphore's CFO. *Id.*

In 2023, Bio-Techne acquired Lunaphore and/or Lunaphore U.S., with Feng spearheading the acquisition. *Id.* ¶¶ 22, 23. Pursuant to the Stock Option Agreement, the acquisition triggered the immediate vesting of Feng's 4,500 stock options. *Id.* ¶ 24. In June 2023, while negotiating the sale of Lunaphore, Feng discovered the fair market value of the strike price of her options was inaccurate. *Id.* ¶ 26. Ciftlik had incorrectly quoted Feng the value of preferred stock instead of Feng's common stock. *Id.* The common stock's fair market value was CHF 80, a significant difference from the CHF 280 she was quoted by Ciftlik. *Id.* If Feng's stock options had the correct fair market value of CHF 80, she would have received approximately CHF 1,159,290 upon the sale of Lunaphore to Bio-Techne but was instead damaged in the sum of at least CHF 904,050 or approximately US $1,011,724 plus interest. *Id.* ¶ 29. On July 7, 2023, Bio-Techne informed Feng that her

position with Lunaphore would not be retained in the acquisition, resulting in her termination on September 30, 2023. *Id.* ¶ 25.

On October 7, 2024, Feng filed the FAC with the following causes of action: (1) declaratory relief for alter ego, joint enterprise/employer, single enterprise/employer against Lunaphore and Lunaphore U.S.; (2) negligent misrepresentation against all Defendants; (3) reformation of agreement pursuant to California Civil Code section 3399 against all Defendants; (4) promissory estoppel against all Defendants; and (5) declaratory relief that Defendants are jointly and severally liable to Feng. FAC.

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(3), a court may dismiss a claim for improper venue.[1] Fed. R. Civ. P. 12(b)(3). Unlike a motion to dismiss for failure to state a claim, when considering a motion to dismiss pursuant to a forum selection clause, "a court need not accept the pleadings as true and may consider facts outside of the pleadings." *Argueta v. Banco Mexicano, S.A.*, 87 F. 3d 320, 324 (9th Cir. 1996), *overruled on other grounds by Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013). When a forum selection clause designates a foreign forum, the appropriate means of enforcing the clause is through the doctrine of *forum non conveniens*. *Atl. Marine Const. Co.* 571 U.S. at 60.

Traditionally, in evaluating a motion to dismiss on *forum non conveniens* grounds, a plaintiff's choice of forum will not be disturbed unless the "private interest and the public interest factors strongly favor trial in a foreign jurisdiction." *White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 943 (S.D. Cal. 2019) (quoting *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001)). However, "the calculus changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* (quoting *Atl. Marine*

---

[1] Use of the term "rule" refers to the Federal Rules of Civil Procedure unless stated otherwise.

*Const. Co.*, 571 U.S. at 63). Generally, when the parties have mutually agreed to a forum selection clause, "a district court should ordinarily transfer the case to the forum specified in that clause." *Lee v. Fisher*, 70 F.4th 1129, 1143 (9th Cir. 2023) (quoting *Atl. Marine Const. Co.*, 571 U.S. at 62).

If the forum selection clause is deemed valid, "the plaintiff's choice of forum merits no weight" and the burden shifts to the plaintiff to establish "that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Const. Co.*, 571 U.S. at 63. Because a court should not consider arguments about the parties' private interests, such as inconvenience, to challenge the preselected forum, a court may only consider arguments about public-interest factors, which "will rarely defeat a transfer motion." *Id.* at 64. Such public interest factors may include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Boston Telecomms. Group, Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009) (citation omitted).

In deciding *forum non conveniens*, courts consider (1) whether the plaintiff's claims fall within the forum selection clause's scope; (2) whether the clause is valid and enforceable; and (3) whether the plaintiff has met her burden to show that the public interest factors weigh against dismissal. *White Knight Yacht LLC*, 407 F. Supp. 3d at 943 (citation omitted).

## III.  DISCUSSION

Bio-Techne and Lunaphore U.S. contend that the Stock Option Agreement executed by Plaintiff and Lunaphore contains a forum selection clause that designates Lausanne, Switzerland as the exclusive place of jurisdiction, and that Plaintiff's FAC should be dismissed under the doctrine of *forum non conveniens*.[2] Mot. at 4. The forum selection

---

[2] Bio-Techne and Lunaphore U.S. request the Court take judicial notice of, or incorporate by reference, the Stock Option Agreement executed by Feng and Lunaphore on

4

clause states as follows: "This agreement shall be governed by and construed in accordance with Swiss laws and exclusive place of jurisdiction shall be Lausanne, Switzerland." ECF No. 11-3 at 3.

Plaintiff concedes that her third claim of reformation and possibly her fourth claim of promissory estoppel may fall within the scope of the Stock Option Agreement's forum selection clause, but that if so, the Court should dismiss those causes of action and allow the remainder of the case to remain here. Oppo. at 4. Additionally, Plaintiff argues that in the event of dismissal of any of the claims, the Court should impose certain conditions on Bio-Techne and Lunaphore U.S. to allow prosecution of Plaintiff's claims in Lausanne, Switzerland. Oppo. at 11–12.

Because the parties do not disagree over the validity and enforceability of the forum selection clause, the Court will consider which claims are subject to it.

### A.    Scope of the Forum Selection Clause

Bio-Techne and Lunaphore U.S. contend that the forum selection clause in the Stock Option Agreement applies to all of Plaintiff's claims. Mot. at 4, 7; Reply at 4–9.

Plaintiff concedes that the Stock Option Agreement applies to Plaintiff's third cause of action for reformation and possibly her fourth cause of action for promissory estoppel but argues that it does not apply to her second cause of action for negligent misrepresentation, which is governed by separate employment agreements, nor her first and fifth causes of action for declaratory relief. Oppo. at 13.

"[F]orum selection clauses can be equally applicable to contractual and tort causes of action." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (citations omitted). "Whether a forum selection clause applies to tort claims depends on

_____

December 20, 2021. ECF Nos. 11-2, 11-3. Because the document is referenced in the FAC but not attached it to, Plaintiff's claims are dependent on the contents of the document, and no party questions its authenticity, the Court **GRANTS** Bio-Techne and Lunaphore U.S.'s request to incorporate the Stock Option Agreement by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted).

whether resolution of the claims relates to interpretation of the contract." *Id.* (citations omitted).

The Court finds the forum selection clause applies to Plaintiff's second cause of action for negligent misrepresentation. Plaintiff alleges that "Lunaphore made the material representation of existing fact that the fair market value of [her] options was approximately CHF 280"; that Lunaphore knew or should have known that this was a misrepresentation; and that Plaintiff relied upon this misrepresentation. FAC ¶¶ 37–41. According to the allegations in the FAC, the parties memorialized their agreement of the fair market value in the Stock Option Agreement by setting the strike price of approximately CHF 280. FAC ¶¶ 18–19. Whether the strike price term means CHF 280.90 or the fair market value requires interpretation of the Stock Option Agreement. Additionally, Plaintiff's alleged damages for the misrepresentation are calculated by the terms of the Stock Option Agreement and represent what she would have received had the strike price been the correct fair market value. *Id.*¶¶ 24, 29, 42. Accordingly, the Court finds that resolution of the misrepresentation claim requires interpretation of the Stock Option Agreement and its provisions for the strike price and exercising options. *See Manetti-Farrow, Inc.*, 858 F.2d at 514 (finding forum selection clause applied to tort claims that related in some way to rights and duties enumerated in the contract); *Brown v. Artec Glob. Media, Inc.*, No. 16cv2651-WQH-KSC, 2017 WL 11596885, at *5 (S.D. Cal. July 5, 2017) (finding resolution of all tort claims, including negligent misrepresentation, related to interpretation of the agreement and were subject to its forum selection clause); *Underground Elephant, Inc. v. Ins. Zebra, Inc.*, No. 16cv2215-GPC(NLS), 2016 WL 6962869, at *3–4 (S.D. Cal. Nov. 29, 2016) (finding tort claims, including negligent misrepresentation, relied on interpretation of the contract and were subject to the forum selection clause).

Plaintiff argues that her separate employment agreements govern the misrepresentation cause of action, but the Court is not persuaded. Oppo. at 8–10. The test in this circuit is whether resolution of the claims relates to interpretation of the contract with the forum selection clause. *Manetti-Farrow, Inc.*, 858 F.2d at 514. In the FAC,

Plaintiff alleges in her negligent misrepresentation claim that she relied on Lunaphore's representation that the fair market value of the options was approximately CHF 280 "in that she quit her job at Scripps Research Institute and accepted Mr. Ciftlik's representation about the fair market value of the shares for which she was being granted options as true after he agreed to grant her stock options that would equal between one and two percent of the company." FAC ¶¶ 37, 41. The representations upon which Plaintiff relied were memorialized in the Stock Option Agreement and interpretation of that agreement is therefore necessary to the claim. *See Manetti-Farrow, Inc.*, 858 F.2d at 514. In this case, the employment agreements are irrelevant to the forum selection clause analysis. Furthermore, Plaintiff refers to only one of her employment agreements in just one paragraph of the FAC—in the allegations regarding personal jurisdiction—and they are not mentioned at all in the negligent misrepresentation section of the FAC. FAC ¶ 9.

The Court finds the forum selection clause also applies to Plaintiff's fourth cause of action for promissory estoppel for the same reasons as the negligent misrepresentation claim. Plaintiff alleges that Lunaphore, through Ciftlik, "clearly and unambiguously promised and agreed that the strike price on Ms. Feng's options would be equal to the fair market value of the shares," that she relied on this promise and agreement to her detriment, and that "[i]njustice can be avoided only by enforcement of Lunaphore's promise and agreement." *Id.* ¶¶ 49–53. The "promise and agreement" regarding the strike price was memorialized in the Stock Option Agreement and its interpretation is necessary to the claim. Therefore, the forum selection clause applies to the promissory estoppel claim because its resolution relates to interpretation of the contract with the forum selection clause. *See Manetti-Farrow, Inc.*, 858 F.2d at 514.

Finally, the Court finds the remaining claims should also be dismissed for *forum non conveniens*. As mentioned above, Plaintiff concedes—and the Court agrees—that her cause of action regarding reformation of the Stock Option Agreement and Grant Notice is subject to the forum selection clause. In Plaintiff's first cause of action for declaratory relief, she alleges that "Lunaphore and Lunaphore U.S. are a single enterprise/employer or a joint

enterprise employer" and alter egos of each other. FAC ¶¶ 31, 34. In the fifth cause of action for declaratory relief, Plaintiff alleges that Bio-Techne is liable for Lunaphore and Lunaphore U.S.'s acts, omissions, and liabilities. *Id.* ¶ 56. Both declaratory relief claims seek a judicial determination that Bio-Techne, Lunaphore, and Lunaphore U.S. are jointly and severally liable to Plaintiff for any damages and amounts owed to her "including, *inter alia*, all monies owed to Ms. Feng for the stock options that vested along with appropriate interest and costs." *Id.* ¶¶ 35, 58. The Court finds the declaratory relief claims are intertwined with the other claims subject to the forum selection clause because they address liability for the relief Plaintiff seeks. Plaintiff alludes to this as well in asking that the Court keep the declaratory relief claims with the damage claims. *See* Oppo. at 13 ("If the Court declines to dismiss any of the damages claims, it also should decline to dismiss the two declaratory relief claims seeking joint liability among the Defendants."). Judicial efficiency is best served by keeping the declaratory relief claims with the negligent misrepresentation, reformation, and promissory estoppel claims instead of splitting them between two courts. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (noting that district courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act"). Additionally, the Court lacks subject matter jurisdiction when there are only declaratory relief claims. *See Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." (citation omitted)).

### B.    Public Interest Factors

Plaintiff argues that Bio-Techne has not met its burden to show that Lausanne, Switzerland is an available and adequate forum for her claims. Oppo. at 12. However, in this case, where the Court has found that the valid and enforceable forum selection clause of the Stock Option Agreement requires dismissal of Plaintiff's claims, the burden shifts to Plaintiff to show public interest factors weigh against dismissal. *See Atl. Marine Const. Co.*, 571 U.S. at 64. The Court finds Plaintiff has not met this burden because she has not addressed the public interest factors.

## C.    Conditions

Plaintiff contends that if the Court is inclined to dismiss for *forum non conveniens*, the Court should impose conditions that require Bio-Techne and Lunaphore U.S. (1) to submit to the jurisdiction of Switzerland, (2) to waive service of process through the Hague Convention, (3) to agree not to challenge any judgment entered against them based upon lack of jurisdiction or lack of service through the Hague Convention, and (4) to toll the statute of limitations on Plaintiff's claims during the period this action has been pending in this Court. Oppo. at 12–13. Plaintiff argues that the conditions are necessary because Bio-Techne and Lunaphore U.S. are not signatories to the Stock Option Agreement and have not expressly consented to jurisdiction and service in Switzerland. *Id.* at 12.

Bio-Techne and Lunaphore U.S. argue that Plaintiff's reasons are insufficient to require the Court to impose conditions. Reply at 11.

When a court finds a forum selection clause is valid, it is entitled to condition the dismissal. *Allianz Glob. Risks U.S. Ins. Co. v. Ershigs, Inc.*, 138 F. Supp. 3d 1183, 1190 (W.D. Wash. 2015) (citing *Leetsch v. Freedman*, 260 F.3d 1100, 1104 (9th Cir. 2001)). In this circuit, there is no bright line test requiring conditional dismissals, but is instead dependent on the facts of the case. *Leetsch*, 260 F.3d at 1104. "A district court can be required to impose conditions if there is a justifiable reason to doubt that a party will cooperate with the foreign forum." *Id.*

The Court finds it is appropriate to condition this dismissal. Bio-Techne and Lunaphore U.S. are not signatories to the Stock Option Agreement, but they have argued here that the forum selection clause applies to them because their alleged conduct is closely related to the contractual relation. Oppo at 7 & n.1. At the same time, Bio-Techne and Lunaphore U.S. give no express assurances that they will agree to jurisdiction in Lausanne, Switzerland, pledging only to be professional and cooperative while also stating that "it is very unlikely that all three Defendants need to be a party in a future lawsuit in Switzerland." These statements give the Court reason to doubt that Bio-Techne and Lunaphore U.S. will cooperate with the foreign forum. *See Leetsch*, 260 F.3d at 1104. The Court also finds it

appropriate to toll the statute of limitations for Plaintiff's claims during the time they have proceeded in this district so that they may be litigated in Switzerland after dismissal for *forum non conveniens*. *See Paper Operations Consultants Int'l, Ltd. v. S.S. Hong Kong Amber*, 513 F.2d 667, 672–73 (9th Cir. 1975) ("The danger that the statute of limitations might serve to bar an action is one of the primary reasons for the limitation on the court's discretion with respect to the application of the doctrine of forum non conveniens.").

**IV.    CONCLUSION**

For the reasons stated above, the Court **GRANTS** Bio-Techne Corporation and Lunaphore Technologies, Inc.'s Motion and dismisses without prejudice all claims for *forum non conveniens* as to all Defendants subject to the following conditions:

1.    Bio-Techne Corporation and Lunaphore Technologies, Inc. submit to the jurisdiction of any Lausanne, Switzerland tribunal in which Alice Feng files suit;

2.    Bio-Techne Corporation and Lunaphore Technologies, Inc. waive service of process through the Hague Convention of Alice Feng's summons, complaint, and/or other case-initiating documents, upon Feng initiating an action in Lausanne, Switzerland;

3.    Bio-Techne Corporation and Lunaphore Technologies, Inc. agree not to challenge any judgment entered against them arising from Alice Feng's suit by a tribunal in Lausanne, Switzerland based upon lack of jurisdiction or lack of service through the Hague Convention;

4.    The statute of limitations on Alice Feng's claims remains tolled throughout the pendency of the instant United States District Court action.

The Clerk of Court shall close this case.

**IT IS SO ORDERED**.

Dated:  July 16, 2025

_____
Honorable Linda Lopez
United States District Judge

24cv1318-LL-BLM